UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 09-cv-415-KKC

MARTHA ROBBINS                                                                PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security,                                                           DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Martha Robbins ("Robbins") and the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Rec. 10, 11. Because the Court finds that the Commissioner's decision denying Robbins' claim for benefits is supported by substantial evidence in the record, the Commissioner's motion for summary judgment will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Robbins is a fifty-one year old individual with a 9th grade education and has obtained her GED. Tr. 27, 40. Robbins has past relevant work experience as a molding machine operator, factory assembler and bakery worker. Tr. 48-50, 114, 147. At the end of 2006, Robbins lost her most recent job when her company closed the factory where she was working and moved to Mexico. Tr. 28, 30, 208. Robbins was then incarcerated in federal prison from January to August 2007 for drug/firearm charges. Tr. 24-25. After her release in August of 2007, Robbins apparently did not look for work. Tr. 39, 113.

Robbins protectively filed an application for a period of disability and disability insurance

benefits on August 13, 2007, alleging a period of disability beginning on August 10, 2007. Tr. 10, 95. She claims disability based on chronic obstructive pulmonary disease ("COPD"), nerves, arthritis and emotional problems. Tr. 31. Her application was denied initially and on reconsideration. Tr. 54-55. Robbins then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). Robbins appeared and testified at a hearing before ALJ Don C. Paris on November 20, 2008. Tr. 10. Jackie B. Rogers, an impartial vocational expert ("VE") appeared at the hearing and testified. *Id.*

On March 18, 2009, the ALJ issued an unfavorable decision denying Robbins' claim for benefits based on a finding that she remains able to perform the requirements of her past relevant work. Tr. 17-18. As a result, the ALJ determined that Robbins does not meet the definition of disabled under section 216(i) and 223(d) of the Social Security Act. Robbins then filed a request for review with the Social Security Administration's Appeals Council, which denied her request for review, thereby rendering the ALJ's decision the final decision for the Commissioner. Tr. 1-4; *see* 20 C.F.R. §§ 404.981, 422.210(a) (2009). Because Robbins has properly exhausted all administrative remedies and timely filed this action, this Court now has jurisdiction pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal

quotation marks and citation omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  The Court may not review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  Where the Commissioner adopts the ALJ's opinion as his own opinion, the Court reviews the ALJ's opinion directly.  *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).  The disability determination is made by an ALJ using a five step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  However, the burden shifts to the Commissioner for the

fifth step. *Id.*

At the first step, the claimant must show she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ found that Robbins has not engaged in substantial gainful activity since August 10, 2007, the alleged disability onset date. Tr. 12. At step two, the ALJ found that Robbins suffers from the following severe impairments:

4

(1) COPD; (2) arthritis; (3) a major depressive disorder; and (4) substance abuse. *Id.*

At step three, the ALJ considered whether Robbins had an impairment or combination of impairments meeting or medically equaling one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* In making this determination, the ALJ specifically considered whether Robbins met Listing 12.04[1] or 12.09.[2] *Id.* The ALJ then considered whether the "paragraph B" criteria were satisfied. *Id.* The "B" criteria are satisfied by a showing of at least two of the following functional limitations: (1) a marked restriction of the activities of daily living; (2) marked difficulty in maintaining social functioning; (3) marked difficulty in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. *Id.*

In reviewing the evidence in the record, the ALJ made the following findings. The ALJ found that Robbins only had mild limitations in activities of daily living, relying on the opinions of psychological consultants and Robbins' testimony that she sleeps well, takes care of her personal hygiene needs, cooks and performs chores and watches television. *Id.* The ALJ found that Robbins had moderate difficulties in social functioning. This finding was supported by Robbins' testimony about her relationship and interactions with various family members, her probation officer, and consistent with the opinion of consultative examiner Timothy Baggs, PsyD ("Dr. Baggs"). *Id.* The ALJ similarly only found moderate limitations on Robbins' concentration, persistence and pace. *Id.* The ALJ once again claimed that this finding was consistent with Dr. Baggs' opinion and Robbins' testimony about her activities of daily living.

---

[1] Listing 12.04 covers affective disorders. *See* 20 C.F.R. Part 404, subpt. P, app'x 1, § 12.04.

[2] Listing 12.09 covers substance addiction disorders. *See* 20 C.F.R. Part 404, subpt. P, app'x 1, § 12.09.

*Id.* Finally, the ALJ noted that the record failed to reveal that Robbins had experienced no episodes of decompensation which had been of an extended duration. *Id.* As a result, the ALJ determined that Robbins' impairments did not satisfy the "B" criteria. *Id.* The ALJ also found that the evidence did not support a finding that the "paragraph C" criteria were met.[3] Tr. 14.

Prior to step four, the ALJ determined that Robbins has the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except that she can engage in only occasional climbing of stars[sic]/ramps; no climbing of ladders/ropes/scaffolds; only occasional stooping, kneeling or crouching; no crawling; and no more than frequent "handling" with the right hand (handling is defined as seizing, holding, grasping, turning or otherwise working primarily with the whole hand). She should avoid concentrated exposure to extreme cold, heat, humidity, full body vibration and vibratory hand-held tools; she should avoid even moderate exposure to fumes, odors, dusts and gases; and she should avoid hazards such as unprotected heights and dangerous machinery. She should be limited to simple work activity in an object focused work environment in which contact with co-workers and supervisors is casual and infrequent; her work environment should be low stress without excessive productivity demands; and she should have limited contact with the general public.

*Id.* In making this RFC determination, the ALJ noted that he was considering all of Robbins' symptoms and considering the extent to which they could reasonably be accepted as consistent with the objective medical evidence. *Id.* While the ALJ found that Robbins' medically determinable impairments could reasonably be expected to cause her alleged symptoms, he found that Robbins' statements about the intensity, persistence and limiting effects of her symptoms to not be credible. Tr. 15. The ALJ also rejected the mental assessments of Robbins by Zev

---

[3] Paragraph C of Listing 12.04 requires a demonstration of one of the following: (1) repeated and extended episodes of decompensation; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.04(C)(1)-(3).

Zusman, MD ("Dr. Zusman) and James Denton, which were very limiting. Tr. 17. The ALJ found their assessments to be inconsistent with the medical evidence in the record, inconsistent with Robbins' work history, and portions of their treatment notes and records. *Id.*

At step four, the ALJ determined that based on her RFC, Robbins is able to perform the requirements of her past relevant work as a molding machine operator, factory assembler, and bakery worker because based on testimony by a VE that these jobs could be performed by someone with her specific RFC. *Id.* Accordingly, the ALJ found that Robbins has not been under a disability, as defined in the Social Security Act since August 10, 2007, the alleged disability onset date. *Id.* Accordingly, the ALJ issued an unfavorable decision denying the claim for benefits. Tr. 18.

D.     ANALYSIS

Robbins raises several arguments in support of her claim that the Commissioner's decision denying benefits is not supported by substantial evidence. The Court will address each of these arguments in turn.

**1. The ALJ did not err in rejecting the opinion of Dr. Zusman, Robbins' treating psychiatrist.**

Robbins asserts that the ALJ erred by failing to give sufficient deference to the opinion of her treating psychiatrist, Dr. Zusman and for failing to give adequate reasoning for refusing to accept his opinion. For the reasons set forth below, the Court finds that the ALJ did not err in rejecting Dr. Zusman's opinion.

The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because:

these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(quoting 20 C.F.R. § 404.1527(d)(2)). However, the ALJ is only required to give the opinion of a treating physician controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)). However, a Social Security Ruling explains that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at *5, 1996 WL 374188, at *2 (July 2, 1996). Even if the ALJ does not accord a treating physician's opinion controlling weight, he must still determine how much weight is appropriate by considering a number of relevant factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *See also* 20 C.F.R. § 404.1527(d)(2).

Closely associated with the treating physician rule, is the rule that the ALJ should "always give good reasons in [the] notice of determination or decision for the weight" given to the

8

treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The reasons given must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at * 12, 1996 WL 374188, at * 5.

In this case, Dr. Zusman rendered an opinion on March 6, 2008 that indicating that Robbins' mental impairment was clearly disabling. Specifically, Dr. Zusman opined that Robbins had marked limitations in activities of daily living, marked difficulties in concentration, persistence and pace, marked difficulties in maintaining social functioning and had experienced repeated episodes of decompensation. Tr. 470. If Dr. Zusman's opinion was fully credited, the "paragraph B" criteria would clearly have been satisfied and a finding of disability would have been warranted.

Initially, the Court notes that the mental impairment questionnaire that Dr. Zusman filled out states that "IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY REDUCTION IN CAPACITY; THE USEFULNESS OF YOUR OPINION DEPENDS ON THE EXTENT TO WHICH YOU DO THIS." Tr. 469. Dr. Zusman did not relate any medical findings to the reductions in capacity that he recommended. For instance, he did not explain the basis for his determination that Robbins had experienced repeated episodes of decompensation or for the marked limitations that he imposed. The Sixth Circuit has frequently recognized that treating source opinions may be rejected where they are insufficiently supported by medical findings and are of a conclusory nature. *See, e.g.*, *Combs v. Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150 (6th Cir. 1990); *Duncan v. Sec'y of Health & Human Servs.*,

9

801 F.2d 847, 855 (6th Cir. 1986).

The ALJ also noted that Dr. Zusman's opinion was inconsistent with much of the other evidence in the record including the objective medical evidence and was also inconsistent with Robbins' long history of being able to work and maintain the necessary mental state to keep working in a "competitive work environment despite her mental impairments." Tr. 17. The evidence in the record indicates that Robbins' depression improved since she began taking Cymbalta, a fact that Robbins testified to during her hearing before the ALJ. Tr. 37, 230. Similarly, Robbins testified that she remained able to maintain good relationships with numerous family members including her husband, sons, sisters, brothers, grandchildren and sister-in-law. Tr. 41-42. Based on Robbins' ability to maintain these relationships, the ALJ found that she only had moderate difficulties in social functioning. The ALJ also recognized that Dr. Zusman's limitations were inconsistent with his own treatment notes which showed her repeatedly stating that she was doing "all right," getting good sleep, had a good appetite, was alert with an appropriate affect and goal directed. Tr. 17, 281-85, 315-21, 461-65. It is clear that an ALJ may reject a treating source opinion that is inconsistent with the physician's own treatment notes. *Bass v. McMahon*, 499 F.3d 506, 511-12 (6th Cir. 2007).

As noted above, the ALJ also found that Robbins' lengthy work history in light of her mental impairments contradicted Dr. Zusman's opinion. Tr. 27-28, 114, 147-51. Robbins informed Dr. Baggs that she had been experiencing depression since 1990 yet despite these struggles, her work history "has been fairly continuous after divorcing her first husband" who did not allow her to work. Tr. 222-23.

Robbins asserts that Dr. Zusman's opinion is consistent with the opinion of her

vocational rehabilitation counselor James Denton. However, the ALJ rejected Denton's opinion for many of the same reasons that he rejected Dr. Zusman's opinion. Tr. 17. In addition, Robbins' assessment of Denton's opinion is not entirely accurate because assigned her a Global Assessment of Functioning Score of 60, indicating only moderate limitations in social or occupational functioning. More precisely, this score indicates "[m]oderate symptoms," or "moderate difficulty in social, occupational, or school functioning." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000). Thus is GAF score not only is internally inconsistent with Denton's later assessment that Robbins' has marked limitations in social and occupational functioning, but also inconsistent with Dr. Zusman's opinion. Furthermore, a GAF score of 60 as at the top range of moderate symptoms. A GAF score in the range of 61-70 would only reflect "[s]ome mild symptoms (e.g. depressed mood or mild insomnia) OR some difficulty in social, occupational, or school functioning...but generally functioning pretty well, has some meaningful interpersonal relationships." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000).

Robbins also asserts that Dr. Zusman's opinion is fully supported by Dr. Baggs opinion. However, this does not appear to be the case. Dr. Baggs found Robbins to be suffering from moderate depression and opined that:

> Ms. Robbins has the ability to understand and remember simple instructions. She seemed to be experiencing *moderate* difficulty in sustaining concentration and persistence in the completion of tasks in a normal amount of time. Observations tended to suggest she has *moderate* difficulty relating with people. The claimant's ability to adapt and respond to pressures found in the normal work settings appeared less than the average worker.

Tr. 227 (emphasis added). In fact, it appears that Dr. Baggs saw Robbins' limitations as less severe than Dr. Zusman did.

Finally, as the ALJ recognized in his hearing decision, Dr. Zusman's opinion was inconsistent with the state agency reviewing experts who found Robbins was not significantly limited in most areas and only found her moderately limited in four areas. Tr. 242-43, 296-97. Social Security Regulations recognize that agency consultants "are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation...[t]herefore, administrative law judges must consider [their] findings...as opinion evidence..." 20 C.F.R. § 404.1527(f)(2)(i).

In light of the foregoing and based on other evidence in the record, the Court finds that the ALJ did not err by giving little consideration to the opinion of Robbins' treating psychiatrist. The opinion was not supported by any medical findings and was of a conclusory nature. Furthermore, the opinion was inconsistent with portions of Dr. Zusman's own treatment notes as well as the other objective medical evidence in the record and the opinions of other examining and non-examining sources. In addition, the Court finds that the ALJ gave an adequate and sufficiently specific explanation of his reasons for rejecting the opinion.

**2. The ALJ properly considered the combined effects of Robbins' impairments.**

Robbins claims that the ALJ did not take into account the cumulative effect of her impairments. The Sixth Circuit has recognized that "[i]n reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992); *see* 20 C.F.R. §§ 404.1523 and 416.923; *see also* 20 C.F.R. §§ 404.1545(a)(2) and 416.945(a)(2) (providing that "If you have more than one impairment...[w]e

will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that re not 'severe'...when we assess your [RFC].").

In this case, while Robbins clearly disagrees with the ALJ's decision, she fails to explain in what regard the ALJ failed to consider the combined effects of her impairments, or what impairments he failed to consider. In addition, as the Commissioner notes in opposing Robbins' motion for summary judgment, in *Walker* the ALJ erred by separately considering the claimant's physical and mental limitations despite testimony by a VE that their combined effects rendered the claimant "totally unemployable." *Walker*, 980 F.2d at 1071. In the instant case, the ALJ's decision repeatedly refers to Robbins' combination of impairments. For example, in making an adverse credibility determination on Robbins' testimony, the ALJ noted that while her "impairments" could reasonably be expected to produce the alleged symptoms, her statements about the intensity, persistence and limiting effects of those symptoms were not credible. The fact that the ALJ referred to a "combination of impairments" and found several of these impairments severe, before subsequently discussing them individually indicates that he properly considered their combined effects. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

Finally, the hypothetical question posed by the ALJ to the VE to determine whether Robbins' could perform the requirements of her past relevant work supports a finding that the ALJ considered the combined effects of Robbins' impairments. Robbins has failed to indicate what impairments the hypothetical questions or the ALJ's RFC failed to consider other than disagreeing with his assessment of the severity of her mental impairments. Accordingly, the Court finds that the ALJ properly considered the combined effects of Robbins' impairments and

that the ALJ's RFC determination is supported by substantial evidence.

**3. The ALJ properly considered Robbins' ability to hold a job for a significant period of time.**

Finally, Robbins argues that a claimant can only be found capable of performing substantial gainful activity if she can hold the job for a significant period of time. Robbins claims that the ALJ did not consider this requirement or the exertional and non-exertional restrictions placed upon her due to her mental limitations. Robbins relies on *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), where the Ninth Circuit found that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." *Id.* at 692. The Sixth Circuit has also recognized that the concept of substantial gainful activity is subject to a durational requirement. *Id.* at 693-94 (citing *Parish v. Califano*, 642 F.2d 188, 192 (6th Cir. 1981)("The phrase 'substantial gainful activity' implies employment with some degree of regularity"). However, the Court finds that the present case is distinguishable from *Gatliff*.

In *Gatliff*, neither party disputed that the claimant could not maintain any single job for longer than two months. *Gatliff*, 172 F.3d at 694. In this case, the ALJ's RFC determination did not impose any durational limitations on Robbins' ability to perform her past relevant work experience. In fact, the ALJ found that she could perform her past factory jobs and her job in a bakery. The fact that the ALJ did not impose any such durational limitations on Robbins' RFC and ability to perform substantial gainful activity necessarily implies that such limitations did not exist. *See Coots v. Astrue*, Civil No. 08-156-GFVT, 2009 WL 1326260, *7 (E.D. Ky. May 12, 2009)("implicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable

14

of *maintaining* employment...Plaintiff does not explain why an individual with Plaintiff's RFC would be unable to maintain employment")(citations omitted).

Without adequately explaining the basis for her assertion, Robbins claims that the medical evidence in the record establishes that she will not be able to hold a job for the significant period of time required to meet the durational requirement for substantial gainful employment. Because Robbins has failed to provide any specific reasons for this line of argument and because the Court finds that the ALJ's RFC determination implied that Robbins' combination of impairments would not preclude her from maintaining employment on an ongoing basis, the Court finds that this argument is without merit.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying Robbins' claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

(1) Robbins' motion for summary judgment (Rec. 10) is **DENIED;**

(2) The Commissioner's motion for summary judgment (Rec. 11) is **GRANTED;** and

(3) A judgment shall enter concurrently with this Memorandum Opinion and Order.

This the 14th day of June, 2010.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**